UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSEPH M. WILSON,<br><br>                      Plaintiff,<br><br>              -against-<br><br>FACEBOOK.COM (META PLATFORMS, INC.); MYTWINTIERS.COM (NEXTAR MEDIA GROUP, INC.); WENY.COM (LILLY BROADCASTING LLC); FINGERLAKESDAILYNEWS.COM (FINGER LAKES RADIO GROUP, INC.); CHRONICLE-EXPRESS.COM (GANNETT CO., INC.); WHEC.COM (HUBBARD BROADCASTING, INC.); WYSL1040.COM (SAUGATUCK BROADCASTING CO.); FINGERLAKES1.COM (FINGERLAKES1.COM, INC.); ERIENEWSNOW.COM (LILLY BROADCASTING LLC); WVINBATH.COM (TOWER BROADCASTING LLC); NEWSBREAK.COM (PARTICLE MEDIA, INC.); WHAM1180.IHEART.COM (IHEARTMEDIA, INC.); STEUBEN COUNTY SHERIFF'S DEPARTMENT; JOHN DOES 1-10; JANE DOES 1-10,<br><br>                      Defendants. | 25-CV-5255 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who resides in Big Flats, Chemung County, New York, brings this *pro se* action under 42 U.S.C. § 1983 and state law, alleging that Defendants harmed his reputation. Plaintiff sues the Steuben County Sheriff's Department, Facebook.com and/or its parent company Meta, and eleven media companies that operate news websites. For the following reasons, this action is transferred to the United States District Court for the Western District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff provides addresses for various defendants in Menlo Park, California; Elmira, New York; Erie, Pennsylvania; Geneva, New York; Penn Yan, New York; Rochester, New York; Avon, New York; Waterloo, New York; Bath, New York; Palo Alto, California; and San Antonio, Texas. He does not allege that any of the Defendants reside in this District. Because Plaintiff does not allege that all Defendants are residents of the State of New York, venue is not proper in any district in this state under Section 1391(b)(1).

Plaintiff alleges that Defendants violated his rights when the Steuben County Sheriff's Department issued an allegedly defamatory Facebook post about Plaintiff, which was then "amplifi[ed]" by the other media outlets. (ECF 1, at 3.) Plaintiff's allegations suggest that he experienced the harm allegedly caused by the Defendants at and around his residence in Big Flats, Chemung County, New York. Because a significant part of the events giving rise to Plaintiff's claims occurred in Steuben County and Chemung County, venue is proper under Section 1391(b)(2) in the Western District of New York. *See* 28 U.S.C. § 112(d).

Plaintiff asserts that venue is proper in this District because Facebook and Meta "acted as the original digital host and publication vector for the defamatory and constitutional injurious materials authored and disseminated by the Steuben County Sheriff's Department." (ECF 1, at 2-3.) Plaintiff seems to be suggesting either that a substantial part of his claims arose in this District. Plaintiff, however, alleges no facts suggesting that Facebook has any physical infrastructure in this District at which his claims could have arose or that anyone employed by Facebook in this District did anything in connection with the alleged violation of his rights. Plaintiff also maintains that venue is proper in this District because Facebook "maintains substantial operational and commercial reach into this District." (ECF 1, at 2-3.) While Facebook does have commercial reach into this District, it also has commercial reach into virtually every district in the country. Moreover, to the extent that Plaintiff, by making this argument, is intending to invoke Section 1391(b)(3), that provision does not apply to this action because, as discussed above, it only applies when "there is no district in which an action may otherwise be brought as provided in this section." § 1391(b)(3). Venue is therefore not proper in this District under Section 1391(b).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A substantial part of Plaintiff's claims arose in Steuben and Chemung Counties, which are in the Western District of New York. *See* 28 U.S.C. § 112(d). Accordingly, venue lies in the Western District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Western District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 2, 2025
       New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge